### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *IN RE:* | *CASE NO.14-02151* |
| *CARLOS RAFAEL KELLY CHALAS* | *CHAPTER 13* |

### DEBTOR'S OPPOSITION TO TRUSTEE'S OBJECTION TO EXEMPTION

**TO THE HONORABLE COURT:**

 **COMES NOW** Debtor through his legal representation who respectfully opposes to trustee's objection to exemption:

 **I. PROCEDURAL POSTURE**

  This case was filed under Chapter 13 on **March 20,2014.**

  **The Ch13 plan dated June 25,2014 was confirmed July 14,2014.**

  Wherein debtor's Schedules B,C were amended **at d.e. #35, #43** as to severance benefits under the exemption provision of 11USC 522(d)(10)(C), or 522 10(d)(E) , or 522 (d)(11)(E), among other amendments.

  The C13 Trustee filed his objection to debtor's claim to exemption "over severance package" titled Objection to Claimed Exemptio*n* **on September 21,2015** at **d.e. #47**.

  Trustee at (d) (11) (E), again succinctly alleges that "(s) everance benefits …do [es] not constitute a payment in compensation of loss of future earnings."

 **II. DISCUSSION &ARGUMENT OF ISSUES**

a. Debtor's right [entitlement] to receive a reverence payment is exemptible under either 11 U.S.C 522 (d) (10) (C) or 522 (d) (10) (E) or 522 (d) (11) (E).
b. That the amendment to debtor's property scheduled and to the list of exemption filed at d.e #35, and d.e.#43 was made in a good faith without any intent to conceal assets and/or defraud creditors.

In what follows the debtor will give separate consideration to these items in the same order.

A. **The severance benefits are 'loss of future earnings 'exemptible under 522 (d) (11) (E) or 'unemployment benefits 'under 522 (d) (10) (C) or 'payment under contract or account of length of service' under 522 (d) (10) (E).**

1. The plain language of 522 (d)(10)(E) allows debtor's claim to exemption or under 522 (d)(10)(c) or under 522 (d)(10)(E)

   522(d) (10) provides in relevant part:

   The following property may be exempted under subsection (b) (2) of this section…

   (10) The debtor's right to receive …

   (A) A social security benefit, unemployment compensation. Local public assistant benefit;

   (C) A disability, illness or unemployment benefit.

   (E) A payment under a stock bonus, pension, profit sharing, annuity, or similar plan on contract on account of illness, disability, death age or length service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor…

   (11) The debtor's right to receive, or property, that is traceable to –

   (E) A payment in compensation of *loss of future* earnings of the debtor… 11 U.S.C 522 (d) (10) (A), (C) and (E) and (11) (E) (emphasis supplied).

"When interpreting a federal statute, courts first examine the plain language of the statute, see In re Scheme, 2010 WL 4026807 (Bank D. N.M. Oct. 14, 2010) (citing Consumer Product *Safety Commission v. GTE Sylvania*, 447 U.S. 102, 108(1980); *Dalton v. Internal Revenue Service*, 77 F.3d 1297, 1299 (10th Cir. 1996)). The plain meaning of the statute will be dispositive, unless contrary to the clear intention of the drafters. See *United States v.*

*Ron Pair Enterprises... Inc.*, 489 U.S. 235, 242 (1989). Additionally, in construing the statute, the Court must be aware of the policy that bankruptcy exemptions should be construed liberally in favor of the debtor. *See In re Christo*, 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999).

Debtor asserts that the subject severance benefit is a right to receive "a payment in compensation of loss of future earnings of the debtor" or a right to receive an unemployment benefit" or to receive "a payment under a contract on account of length of service." and under a plain reading of the statute gives debtor the right to exempt this payment agreed with employer to compensate and pay debtor months of future salary. *See Gonzalez,* 09-20091 (Bank D Mass. Dec. 21, 2010) and Gonzalez 2010 WL 3754399 (Bank D Mass. February 15, 2010); Rock, 2005 WL 2061045 (Bank CD 111 April 25.2005).

A reading of the "Termination agreement" plainly reflects the nature of the severance payment which plainly satisfies what debtor understands is debtor's right to exemption under either of the cited provisions: 522 (d)(10)(C) or 522 (10)(E) or (11)(E) as claimed in the amended list of exemptions at **d.e #32.**

Termination agreement dated February 10,2015 from Cervecera de Puerto Rico, Inc. is attached and marked as **Exhibit #1**. [1]

It thus becomes apparent that the severance agreement was offered by the employer to compensate him for his 12 years of service to the company and for the exposure to or threat of unemployment and the ensuing loss of income that Debtor would predictably have to deal with as a result of his severance from employment with Cervecera de Puerto Rico,Inc. Refer to page I where it's specified in the *Termination Letter* at **Exhibit #1.** The *Termination Letter* speaks for itself and definitely satisfies debtor's right to receive future under 522 (d) (11) (E), unemployment benefit under 522 (d) (10) (C) or similar contract on account of length of service under 522 (d) (10) (E) and as such debtor requests leave to

---

[1] Debtor request leave to file translated agreement 5days before contested hearing and/or 5 days before the filing of an appeal whichever date is latest.

further amend his List of Exemptions to one or all of alternate basis for exemptions should necessary.

Claims of exemption are to be construed liberally in favor of the debtor. *In re Barker*, 768 F 2d 191, 196 (7th Cir. 1985). The reading of the agreement from debtor's employer attached as **Exhibit #1** should be construed liberally in allowing the exemption. Nonetheless, Trustee has offered no authority or valid or convincing argument for his position that a severance package to compensate debtor is not exemptible under 522 (d)(11)(E).

The two cases of Gonzalez at 2010 WL 3754399 decided on February 15, 2010 and the second Gonzalez decision decided on December 21, 2010 at 09-2009 1 from Bankruptcy Court for the District of Massachusetts are surprisingly similar to the facts in the instant case in regard to the nature of severance payments and debtor's failure to schedule the severance payments in his original schedules. The issue presented in Gonzalez was whether Debtor's weekly severance payments that he had a right to receive at the commencement of the case were exempt under either 11 U.S.C. 522 (d) (10) (C) or Il U.S.C. 522 (d) (10) (E) The Gonzalez Court determined that the Debtor's severance benefits were exempt under both 11 U.S.C. 522(d) (10) (C) and (E).

Debtor herein also argues that his claim to exemption can likewise be under 522 (d) (10) (C) or under 522 (d) (10) (E) and also 522 (d) (11) (E).

The burden of proof is on the objecting party to demonstrate that a debtor is not entitled to the claimed exemption or that the statute cited in support of the exemption does not authorize the exemption claimed. FRBP 4003(c). Trustee in his *Objection to Exemption* has not demonstrated even in a cursory fashion that debtor is not entitled to the claimed exemption. And thus, the *Objection to Exemption* should be denied. Trustee has not met his burden as the objecting party to demonstrate that debtor is not entitled to the claimed exemption, nor that the statute cited does not authorize the exemption claimed.

**B**. *<u>FRBP 1009(a) provides liberal right to amend bankruptcy schedules especially when there is absence of bad faith. There is no concealment of property. Nor prejudicial reliance by creditors.</u>*

The Trustee appears to argue that the debtor's exemption under 522 (d) (10) (E) should be disallowed in the instant case because the debtor failed to disclose the Severance Benefits in his petition and original schedules. Trustee does not offer evidence or argument to show or even allege bad faith or intent to conceal property by the debtor or prejudicial reliance by creditors or Trustee, except to vaguely argue of equity". We are uncertain if Trustee's use of 'principles of equity" should be understood to be invoking this Court's powers under 105 of the Bankruptcy Code? Trustee's argument fails under a clear and plain reading of the Bankruptcy Rules, under the exemption provisions, and even under 105 argument if applicable here and Trustee's Objection to Exemption should be denied.

We must note that Trustee has not raised bad faith or prejudicial reliance as such and has and vaguely and summarily, the issue of concealment of estate property, in his allegations that because debtor failed to list the severance benefit in his original schedules debtor cannot now amend his schedules to include the omitted property.

Both debtor's amendments to property and to exemptions has been proper. There is no evidence in this case to warrant any limitation or denial of debtor's right to amend property schedule and claim exempt the Severance Benefits of **$69,252.50**. Debtor's right to amend under the plain meaning of the applicable Rules is clear and further supported under the case law discussed herein. There are very plain and explicit Code provisions for both the right to amend and the right to exempt property by a debtor and for objecting to do the same by a trustee.

Federal Rule of Bankruptcy Procedure (*the "Bankruptcy Rules" or the "Rules"*) 4003(a) specifies the procedure for claiming exemptions, requiring the debtor to "list the property claimed as exempt …on the schedule of assets required to be filed by Rule 1007." Fed. R Bankr. P. 4003(a); see also 11 U.S.C. 522(1) ("The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. "). Parties in interest, including a Chapter 13 trustee, have thirty days after the conclusion of the 341 meeting (or

thirty days after any amendment to the list of exemptions) to file objections to the debtor's claimed exemptions. Fed. R. Bankr. P. 4003(b) (l). Absent an objection, "the property claimed exempt ... is exempt, "IL U.S.C. 522(1) (emphasis supplied), even if "the debtor had no colorable basis for claiming the exemption," *Taylor v Freeland* & Kronz, 503 U.S. 638 (1992).

Under FRBP 1009 voluntary petition, list, schedule, or statement may be amended by the debtor as matter of course at any time before the case is closed." FRBP 1009(a)

Courts have no discretion to reject amendments unless a debtor has acted in bad faith or concealed property, or the amendment would prejudice creditors. *Suggitt v French*, 2003 WL 21288644 (Bankr D. Vt. 2003)("a debtor has an absolute right to amend his or her schedules")(citing Blaise, 116 B.R. 398, 400 (Bankr Vt. 1990)("by its Rule 1009 liberally entitles a debtor to amend at any time before the case is closed"); see *Momentum Mfg Corp,* 25 F 3rd 1 132 (2nd Cir. 1994)(affirming decision emphasizing that Rule 1009(a) right to amend can only be exercised when there is no issue of bad faith or prejudicial reliance). In re *Turner* ET ALS. Case no. 09-11281 (Bank. Vt. 2011). Also see *Hannigan*, 409 F #480 a 1st Cir 2005).

According to the 1st Circuit in Hannigan, "Rule 1009(a) of the Federal Rules of Bankruptcy Procedure permits a debtor to amend a schedule 'as a matter of course at any time before the case is closed.' However, a bankruptcy court has discretion to deny the amendment of exemptions where the amendment would prejudice creditors or where the debtor has acted in bad faith or concealed assets." 409 F.3d at 481-82. There are thus two potential reasons the Court could deny an amendment: prejudice to creditors or bad faith. The burden is on the Trustee to show one of these by clear and convincing evidence. In re Newton, Docket No. 01-031 (1st Cir. B.A.P. 2002) at *3. In determining prejudice to creditors, "the appropriate inquiry [is not] whether a creditor will recover less or be adversely affected by the amendment; instead, a court must determine whether the creditor would be adversely affected by having detrimentally relied on the debtor's initial position." Id. at *5. In order to rise to the level of bad faith, "mere carelessness or [but] bad faith may

encompass intentional misconduct that, in oversight [is not] sufficient. Retrospect, was not in the actor's best interest." Hannigan, 409 F.3d at 483.

Also see *In re Simpson*, 238 B.R. 776 (Bankr SD Ill 1999). 'The right to amend, however, is not synonymous with the right to the exemption. The general rule is to allow amended exemption claims absent bad faith, concealment of property, or prejudice to creditors." *In re Yonikus*, 996 F 2nd 866 (7th Cir. 1993); *In re Hardy*, 224 B.R. 94, 95 (Bankr W D MO 1999); *In re Fournier*, 169 B.R. 282, 283 (Bankr D Conn. 1994).

Also see *Lucius vs. McLemore*, 741 F.2nd 125, 127 (6th Cir. 1984) that a debtor may generally amend a voluntary petition schedule as a matter of course at any time before the case is closed. Federal Rule of Bankruptcy Procedure 1009(a) However, the bankruptcy court may refuse to allow a debtor to amend his or her exemptions where the debtor has acted in bad faith or concealed property. Lucius, 741 F.2nd at 127. "In the context of an amendment of exemptions, bad faith is determined by an examination of the totality of the circumstances. Mere allegations of bad faith will not suffice; the objecting party must demonstrate the bad faith of the debtor by specific evidence." In *re Colvin*, 28, 8 B.R. 477 (Bankr. E.D. Mich. 2003) (citing Kaelyn vs. Bassett (In re Kaelyn), 308 F.3d 885 (8th Cir. 2002*); Magallanes v. Williams (In re Magallanes),* 96 B.R. 253, 255 (B.A.P. 9th Cir. 1988*); Brown v. Sachs (In re Brown),* 56 B.R. 954, 958 (Bankr. E.D. Mich. 1986)). Also refer to *In re Hollingshead*, case no. 09-8058 (BAP 6th Cir 3/10/2010) affirming the bankruptcy court in holding that despite debtor's failure to disclose her right to receive a tax refund at the time she filed her petition for relief or at the first meeting of creditors that she was entitled to a refund, or to the amended claim to exemption.

Debtor's amendment has been proper. Debtor continues to assert and sustain that the Trustee in his *Objection to Exemption* offers no evidence of bad faith or intent to conceal the amended property (severance benefits) nor of prejudicial reliance of creditors or trustee. Neither has the Trustee shown evidence that any creditor detrimentally relied on the debtor's use of the exemption, nor as such has failed to carry his burden of showing prejudice.

Amending the exemption schedule will not prejudice creditors or other interested parties. It is well settled that a simple delay in filing an amendment where the case is not closed does not alone result in prejudice to creditors. In re *Fournier*, 169 B.R. 284 The mere possibility that the amendment will diminish the estate does not constitute sufficient prejudice to warrant denying the exemption. *In re Hardy*, 224 B.R. at 95.

**IV BURDEN PROOF**

Lastly, the Trustee has not asserted that the debtor has acted in bad faith or with the intent to conceal property and/or would prejudice creditors for detrimentally relying on the original exemption schedule, consequently debtor has acted properly in claiming his exemptions and in amending his schedules and Trustee's *Objection to Exemption* should be denied by this Court.

Federal R. Bankr P 4003, places the burden of proof on the objecting party to establish that an exemption is not properly claimed. 'The rule reflects the Code provision making a debtor's properly listed exemptions presumptively valid." See I I U.S.CÆ522 (l). *In re Genzler*, 426 B.R. 407, 418 (Bankr. D. Mass. 2010). "If the objector introduces evidence effectively challenging the exemption, the burden shifts to the debtor to produce evidence in support of his claim. In re *Toppi*, 378 B.R. 11 (Bankr D Me. 2007), as amended (Nov. 15, 2007). See also In *re Roberts*, 280 B.R. at 544-45 ("if the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper ... the burden of persuasion, however, always remains with the objecting party.")(Quoting *In re Caner*, 182 F 3d 1027, 1029 (9th Cir. 1999). *In re Genzler*, 426 B.R. at 418.

**V. CONCLUSION**

Accordingly, it is debtor's contention that the Trustee has not carried or met his burden of proof by either a preponderance or clear and convincing evidence that the exemption by debtor under 522 (d) (11) (E) is not properly claimed in debtor's Amended Schedules C, nor has Trustee met his burden of proof that debtor's amendment to add the severance payment from *Cervecera de Puerto Rico, Inc.* in the amount of **$69,205.50** is improper.

**WHEREFORE** debtor respectfully prays that his amendments to Schedules be held proper and that the claim to exemption of the *Severance Benefits* of **$69,205.50** at d.e. #35, d.e. 43 be found likewise proper and deny Trustee's *Objection to Claimed Exemption Over Severance Funds* at d.e. #47 be denied and any other remedy found to be deemed proper and just.

### NOTICE to C13 TRUSTEE

Within seven (7) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (II) the requested relief is against public policy; or (III) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATE OF SERVICE I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using ECF systems which sent a notification of such filing to all those who have registered for receipt of notice by electronic mail I further certify that I have served to the US Trustee, ustpregion21. hr.ecf@usdj.gov and to standing chapter 13 trustee, Alejandro Oliveras Rivera and by depositing true and exact copies thereof in the United States mail; postage prepaid to the non CM/ECF participants.

Date: November 2,2015.

RESPECTFULLY SUBMITTED.

S/MIRIAM S. LOZADA RAMIREZ
USD 208403
ATTORNEY FOR DEBTOR
TEL 787-834-3004
Fax (787)986-7346
miriamlozada@gmail.com


POSTAL ADRESS:
PASEO LOS ROBLES
3020 JOSE MONGE

MAYAGUEZ, PR 00682