### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 14-02151-EAG |
|---|---|
| CARLOS RAFAEL KELLY CHALAS | CHAPTER 13 |
| DEBTOR (S) | |

### DEBTOR'S REQUEST FOR ENTRY OF ORDER

**TO THE HONORABLE COURT:**

Comes now Debtor through undersigned attorney and very respectfully, informs, alleges and prays this Court as follows:

1. On August 4, 2015 at D.E. #35, Debtor amended the Schedule B to inform severance payment by Cervecera de Puerto Rico.

2. On that same date, August 4, 2015 at D.E. # 36, Debtor amended Schedule C to exempt severance payment of Cervecera de Puerto Rico.

3. On August 23, 2015 at D.E. #43 , Debtor proceed to amended Schedule C at docket number 36.

4. On September 21,2015 at D.E. #47 Trustee objected to amended schedule C.

5. On November 5, 2015, at D.E. #56, *Debtor filed an opposition to Trustee's objection to schedule C t*o exempt severance payment ,at docket #47.

6. *More than ninety (90) days had elapsed* since the Debtor filed his opposition to Trustee objection to *Exempt severance payment.*

7. *In a unanimous decision*, the Supreme Court of the United States struck down the Ninth Circuit's imposition of an equitable surcharge against a debtor's exempt property in **Law v. Siegel, No. 12-5196 (3/4/14)** The opinion by Justice Scalia (RIP)represents a limitation on the equitable powers of bankruptcy courts to

override statutory protections, even when a debtor has behaved badly. **Law v. Siegel, No. 12-5196, ___ U.S. ___ (2014),** is a ruling of the Supreme Court of the United States that describes the extent of the powers of bankruptcy courts in dealing with the bad faith of debtors vis a vis section §522(b), (d) exemptions . Supreme courts states that… " the *debtor is entitled to invoke an exemption and the court may not refuse to honor the exemption absent a valid statutory basis for doing so"*.

8. The burden of proof is on the objecting party to demonstrate that a debtor is not entitled to the claimed exemption or that the statute cited in support of the exemption does not authorize the exemption claimed. FRBP 4003(c). Trustee in his *Objection to* Exemption *has not demonstrated even in a cursory fashion that debtor* is not entitled to the claimed exemption. And thus, the *Objection to Exemption* should be denied.

9. *There is no valid statutory basis to refuse to honor the exemption.*

Wherefore debtor prays the Honorable Bankruptcy Court to deny Trustee's objection to amended schedule C under § 522(d)(10)(E) and /or section 522(d)(10)(C)and or section 522 (d) (11)(E) a and in consequence exempt debtor's severance payment with any further relief Court understands proper.

I HEREBY CERTIFY that on May 8, 2014 I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Trustee assigned to the case, and I hereby certify that I have mailed by the United States Postal Service the documents to non CM/ECF participants.
In Mayaguez, Puerto Rico, this February 29, 2016.

*/S/*MIRIAM S. LOZADA RAMÍREZ
ATTORNEY FOR DEBTOR
TEL 787-834-3004
FAX 787-986-7346
miriamlozada@gmail.com
POSTAL ADDRESS:
URB. PASEO LOS ROBLES
3020 JOSÉ MONGE
MAYAGÜEZ, PR. 00682